## CIRCUIT COURT OF THE CITY OF RICHMOND

Cornelius M. James
and Rodney Robinson

v.

Division of Consolidated Services

February 18, 1992

Case No. LT 2443–2

BY JUDGE ROBERT L. HARRIS, SR.

On January 13, 1992, Mr. James forwarded correspondence to the court. He stated that the case was mature for a hearing and requested that the case be placed on the next available docket. I have reviewed the pleadings and shall rule on the Demurrer and Motion to Strike without oral argument.

Defendant has filed a demurrer to the Petition for Writ of Mandamus. The first ground for demurrer raised is a misjoinder. Mr. James and Mr. Robinson each made separate requests for copies of forensic records in specified files. Mr. James requested the information from FS LAB # 86–05361, 86–03104, and 86–0345. Mr. Robinson requested information from FS LAB # 80–1737 and 80-0835.

There has been a misjoinder of plaintiffs, as each plaintiff is interested in securing different information. Plaintiffs are not interested in the same subject matter. Virginia Code § 8.01-5(A) states as follows:

> No action or suit shall abate or be defeated by the nonjoinder or misjoinder of parties, plaintiff or defendant, but whenever such nonjoinder or misjoinder shall be made to appear by affidavit or otherwise, new parties may be added and parties misjoined may be dropped by order of the court at any time as the ends of justice may require.

In the case before the court, it is impossible to determine which plaintiff was misjoined as plaintiff's causes of action are entirely separate. As this matter shall be dismissed for the substantive reasons discussed below, it is unnecessary to determine which party should be dropped from the suit.

The second ground put forth in the demurrer is that the information requested by plaintiffs is excluded from the Freedom of Information Act. Defendant argues that the information requested by plaintiffs may be disclosed by the custodian at his discretion. A review of Virginia Section 2.1–342(B)(1) substantiates defendant's argument. Section 2.1–342(B)(1) excludes from the Freedom of Information Act evidence related to a criminal investigation. The information may be disclosed by the custodian at his discretion. A Writ of Mandamus shall not be granted to compel the performance of a discretionary function.

Virginia § 2.1–434.11 does not apply to the instant case. This statute provides that persons accused of a crime, or such person's attorney, shall upon request receive the results of any criminal investigation. The court is inclined to interpret "accused" as a person not yet convicted of an offense. This statute would enable such an accused person to prepare for his or her criminal defense.

In the matter before the court, plaintiffs have no criminal charge pending. The information is not needed to prepare for a criminal defense. Plaintiffs are not accused within the meaning of the statute. To decide otherwise would prove burdensome to defendant, as it would be compelled to provide copies of its records for every person making a post-conviction request.

The above rulings are reflected in the enclosed order dismissing the suit.